UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DEMETRIC A. POINTER, *a.k.a.* ROBERT DAVIS, JR., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No.: 1:16-CV-464-PLR-CHS<br>) |
| SERGEANT MINTON, *et al.*, | )<br>) |
| Defendants. | )<br>) |

## **MEMORANDUM OPINION**

On June 17, 2019, this Court entered an Order in this civil rights action, filed pursuant to 42 U.S.C. § 1983 by pro se prisoner Demetric A. Pointer, a.k.a. Robert Davis, Jr. [Doc. 6; *see* Doc. 2]. The Court noted that, under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against defendants who are immune [Doc. 6 (citing 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999))]. After setting forth the relevant legal standards, the Court noted that, although Plaintiff's Complaint contained factual allegations regarding conditions of confinement and excessive force, he failed to named the individual defendants associated with his claims and allegations and failed to set forth specific factual allegations as to a number of the individuals that he named as defendants [*Id.* at 1-2]. Although the Court concluded that Plaintiff's complaint failed to state a claim upon which relief could be granted pursuant to § 1983, it nonetheless granted Plaintiff an opportunity to submit an amended complaint to cure any defects in his pleading [*Id.* at 2-3]. Plaintiff was ordered to file his amended complaint within twenty days, and was placed on notice that his failure to timely comply with the Court's order would result in dismissal of this action for failure to prosecute and/or failure to comply with orders of the Court

[*Id*. at 3]. Plaintiff was also ordered to immediately inform the Court of any change of address within fourteen days pursuant to E.D. Tenn. L.R. 83.13, and was notified that his failure to do so may result in dismissal of this action [*Id*.].

Despite these warnings, thirty days have now passed since the entry of the Court's Order, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's Order. Instead, on July 10, 2019, the copy of the Court's Order that was mailed to Plaintiff at Hamilton County Jail – the last address provided by Defendant – was returned as undeliverable, with a handwritten notation from the jail that Plaintiff is "NOT HERE" [Doc. 7 at 1-2].[1]

As the Court noted in its prior order, Plaintiff's Complaint does not state any claims for relief that can survive the screening requirements of 28 U.S.C. § 1915. Without the benefit of an amended complaint, which Plaintiff has declined to file, the Court must accordingly **DISMISS** Plaintiff's action for failure to state a claim upon which relief may be granted under § 1983, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). Additionally and alternatively, the Court notes that Plaintiff's action is also subject to dismissal pursuant to Fed. R. Civ. P. 41(b), as his failure to advise the Court of his location and lack of communication with any court for over two years constitutes abandonment of this action. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

---

[1] Indeed, it appears that Plaintiff has not been at this address for over two years, as an October 17, 2016 letter from the Western District of Missouri was returned to that Court with a notation that Plaintiff was "not in custody" [unnumbered docket entry dated Nov. 14, 2016]. The Court's independent research using the Tennessee Department of Corrections' on-line Inmate Locator Service – which allows the public to track the location of state inmates – failed to provide any additional information about Plaintiff's present whereabouts, as the register number provided by Plaintiff is not associated with Plaintiff or any of his known aliases, and the entry for Demetric Pointer indicates an "INACTIVE" supervision status and sentence end date of September 30, 2014. *See* Tenn. Dep't of Corr. Felony Offender Information Search, https://apps.tn.gov/foil-app/search.jsp (last visited July 17, 2019).

**AN APPROPRIATE ORDER WILL ENTER.**

PAMELA L. REEVES
CHIEF UNITED STATES DISTRICT JUDGE